## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY | |
| Plaintiff, | |
| v. | Civil Action No.: |
| BKJ EXPRESS, LLC and TRANS-TECH AUTO, INC. | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff United Specialty Insurance Co. ("United"), by and through the undersigned counsel, and hereby files this Complaint for Declaratory Judgment against BKJ Express, LLC ("BKJ") and Trans-Tech Auto, Inc. ("Trans-Tech") (together, "Defendants") seeking a declaration of non-coverage under a Commercial Automobile and Motor Carrier Insurance Policy, as follows:

### NATURE OF THE ACTION

1.

This is an action pursuant to 28 U.S.C. § 2201 *et seq.* for a declaratory judgment to determine the rights and obligations as between United and Defendants under a Commercial Automobile and Motor Carrier Insurance Policy issued to BKJ, with respect to a demand from Trans-Tech for reimbursement of payments made for towing and storage resulting from an accident involving BKJ, and subsequent related lawsuit filed by Trans-Tech against BKJ in the Circuit Court for Rockingham County, Virginia, styled as *Trans-Tech Auto, Inc. v. BKJ Express,*

*LLC*, Case No. CL-21-736 (the "Underlying Action"). A true and correct copy of Trans-Tech's

Complaint in the Underlying Action is attached hereto as Exhibit "A."

2.

United issued Policy No. GWP51644 to BKJ for the period of October 19, 2019 to October

19, 2020 (the "Policy"), a true and correct copy of which is attached hereto as Exhibit "B."

3.

United is providing BKJ with a defense to the Underlying Action subject to a complete

reservation of rights to deny coverage. Prior to Trans-Tech filing the Underlying Action, United

was copied on a confidential demand for payment of an invoice for Trans-Tech's services dated

January 26, 2021, made by Trans-Tech to BKJ. BKJ did not make a demand for coverage from

United.

4.

United responded to the demand for payment by letter, dated February 19, 2021, advising

Trans-Tech that the Policy did not provide coverage for recovery, towing, and/or storage services.

A true and correct copy of United's February 19th Response Letter, is attached hereto as Exhibit

"C."

5.

United respectfully requests a judicial determination that it has no obligation to defend or

indemnify BKJ for any claims asserted in the Underlying Action, and no obligation to Trans-Tech,

pursuant to the terms, limits, conditions, and exclusions of the Policy, or under any statute,

regulation, or other applicable law or authority.

## THE PARTIES, JURISDICTION, AND VENUE

6.

United is an insurer and corporation organized under the laws of Delaware, with its principal place of business at 1900 L. Don Dodson Drive, Bedford, Texas, 76021. United is a non-resident surplus lines insurer engaged in the insurance business in the State of Georgia.

7.

BKJ is a domestic limited liability company organized and existing under the laws of Georgia with its principal place of business in Augusta, Georgia. BKJ may be served through its registered agent, Brian Johnson, at 3346 Milledgeville Road, Augusta, Georgia 30909. Brian Kenneth Johnson is the sole member of BKJ. A true and correct copy of the Georgia Secretary of State's Business Information Page for BKJ and BKJ's most recent filings are attached hereto as Exhibit "D." Mr. Johnson resides at 3346 Milledgeville Road, Augusta, Georgia 30909. A true and correct copy of Mr. Johnson's "My Voter Page" from the Georgia Secretary of State is attached hereto as Exhibit "E." BKJ is a citizen of Georgia for the purposes of diversity.

8.

Trans-Tech is a stock corporation organized and existing under the laws of Virginia with its principal place of business in Broadway, Virginia. Trans-Tech may be served through its registered agent, Kenneth McKenzie, at 419 Trumbo Court, Broadway, Virginia 22815. A true and correct copy of the Virginia Secretary of State's Business Information Page for Trans-Tech and Trans-Tech's most recent filings are attached hereto as Exhibit "F." Trans-Tech is a citizen of Virginia for the purposes of diversity.

9.

Complete diversity exists between United and each of the Defendants.  The amount in controversy exceeds $75,000.00.

10.

This Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a)(1).

11.

Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this matter occurred in this division, as it was the location in which the Policy was delivered, and, in the alternative, at least one defendant is subject to the Court's personal jurisdiction in this division.

12.

United has named Trans-Tech, the plaintiff in the Underlying Action, as well as BKJ, in this action in order to ensure complete relief.

13.

This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to United's obligations to BKJ and Trans-Tech under the policy of insurance issued to BKJ for the Underlying Action and the claims asserted therein.  United is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the insurance policy, including its duty to defend and/or indemnify BKJ against the claims asserted in the Underlying Action, and any duty potentially owed to Trans-Tech.  An actual and justiciable dispute over those duties, rights, and obligations exists between the parties.

## UNDERLYING FACTS

### I.  The Underlying Action

14.

The Underlying Action arises out of a single-automobile rollover accident involving a tractor trailer owned by BKJ, which occurred on January 13, 2020, on I-81 northbound in Harrisonburg, Virginia. *See* the Underlying Action, Ex. A.

15.

Trans-Tech asserted claims against BKJ in the Underlying Action. *See generally* Ex. A.

16.

The Underlying Action alleges that Trans-Tech recovered and towed the BKJ tractor trailer and has been storing the tractor trailer in its facility since the accident. *Id.*

17.

Trans-Tech claims in the Underlying Action that BKJ owed Trans-Tech, at the time the Underlying Action was filed, $110,625.63, with $90 in additional storage fees being incurred each day. *Id.* at ¶¶ 11, 23.

18.

Trans-Tech claims in the Underlying Action that Trans-Tech received a payment for $10,000 for BKJ's outstanding invoices, which Trans-Tech deposited, purportedly subject to a reservation of rights. *Id.* at ¶ 14.

19.

United has not made any payments to any party in satisfaction of the underlying claims.

20.

Upon information and belief, this $10,000 payment was remitted from BKJ's Physical Damage insurance carrier, not United, which policy provided coverage for recovery, towing, and/or storage fees, like those incurred by Trans-Tech.

21.

The Underlying Action asserts a statutory lien under Virginia Code SS 46.2-1212, -644.01, and -644.1(F) against BKJ for nonpayment of Trans-Tech's services in recovering, towing, and storing BKJ's tractor trailer. The cited code sections provide a right of recovery for garage keepers and similar such persons against the owner of the tractor trailer.

22.

The Underlying Action asserts a claim for unjust enrichment against BKJ for BKJ's failure to pay Trans-Tech for its services in recovering, towing, and storing BKJ's tractor trailer.

**II.  The Virginia DOI Administrative Letter**

23.

Prior to Trans-Tech filing the Underlying Action, United sent Trans-Tech a letter in response to Trans-Tech's demand to BKJ for reimbursement for towing and storage fees incurred, informing Trans-Tech of its position that United's Policy does not provide coverage for such recovery, towing, or storage, by its terms and provisions. Ex. C.

24.

Trans-Tech responded on March 29, 2021 (the "March 29 letter"), stating for the first time that it sought to enforce its claims in the Underlying Action against United based on an unspecified Virginia law which was purportedly contained in a letter from the Virginia Department of

Insurance. A true and correct copy of Trans-Tech's March 29 letter is attached hereto as Exhibit "G."

25.

Contrary to counsel's assertions in Ex. G, the undersigned counsel had not received materials from Trans-Tech that included a letter from the Virginia Department of Insurance.

26.

Via email, dated April 9, 2021, counsel for United requested clarification regarding the letter from the Virginia Department of Insurance and asked for a copy to be sent to the undersigned. Counsel for Trans-Tech responded the same day, attaching an Administrative Letter from the Virginia Department of Insurance, dated August 19, 2020. A true and correct copy of the email chain between counsel is attached hereto as Exhibit "H." A true and correct copy of the August 2020 Administrative Letter from the Virginia Department of Insurance (the "Administrative Letter") is attached hereto as Exhibit "I."

27.

The Administrative Letter does not address the Underlying Action or Trans-Tech's claims against BKJ. Instead, the Administrative Letter is a general advisory "remind[er]" to insurers regarding certain "duties" to remit payment for the "reasonable costs of clean-up, recovery, and certain towing expenses" with respect to an insured's at-fault accident. Ex. I., p. 1 of 2.

28.

The Administrative Letter states that the "at-fault insurer is responsible" for such payments "under the terms of the property damage liability coverage of the motor vehicle policy that requires coverage for 'all damages the insured is legally obligated to pay.'" It does not cite to any Virginia statute or code section. Ex. I., p. 1 of 2.

29.

The Administrative Letter is directed to "insurers licensed to write motor vehicle policies on vehicles ***principally garaged or used or that [sic] are issued or delivered in the Commonwealth***." Ex. I., p. 1 of 2 (emphasis added).

30.

Upon information and belief, Trans-Tech seeks to require United to provide coverage for Trans-Tech's claims against BKJ based on the Administrative Letter.

31.

BKJ is a small trucking company located in Augusta, Georgia. Ex. D. *See also* Ex. B.

32.

The Accident Report, created by Officer Harold Campbell with the Virginia State Police, shows that the driver of the truck, the owner of the truck, and the owner of the trailer were each located in Augusta, Georgia, the driver of the truck had a Georgia driver's license, the truck had a Georgia license plate, and that BKJ Express was an interstate carrier. A true and accurate copy of the Accident Report is attached hereto as Exhibit "J."

33.

The Policy was delivered in Georgia, where BKJ is located. Ex. B., p. 2 of 59.

34.

Following receipt of Trans-Tech's March 29 letter, United issued a reservation of rights and bilateral nonwaiver agreement to BKJ, offering BKJ a defense in the Underlying Action. A true and correct copy of United's reservation of rights and bilateral nonwaiver agreement is attached hereto as Exhibit "K." United now brings this complaint for a declaratory action to

determine their tights and obligations under the Policy. United continues the defend BKJ and incur defense costs in the Underlying Action during the pendency of this action.

**THE POLICY**

35.

United issued Policy No. GWP51644 to BKJ for the period of October 19, 2019 to October 19, 2020 (the "Policy"), which was in effect at the time of the accident giving rise to the Underlying Action. Ex. B.

36.

The Policy provides BKJ with commercial automobile coverage, subject to the Policy's terms, limits, conditions, and exclusions. Ex. B.

37.

A full list of available coverages under the Policy are listed on the Declarations Page and Trucker Declarations Pages of the Policy. Selection of specific coverages is indicated on these pages by the corresponding premium paid by BKJ. *See* Ex. B., pp. 2–8 of 59.

38.

The only coverage parts BKJ selected, and for which BKJ paid the corresponding premium, were Commercial Automobile Coverage and Uninsured Motorists Coverage. Ex. B., p. 2 of 59; *Id.* at p. 5 of 59.

39.

BKJ had the option to elect additional coverages beyond the commercial automobile coverage part of the Policy, but did not. *See* Ex. B., pp. 2–8 of 59.

9

40.

The Policy provides Motor Carrier ("MC") Coverage to BKJ under a Commercial Auto

Policy, pursuant to the insuring agreement, which provides in relevant part:

**Section II – COVERED AUTOS LIABILITY COVERAGE**

**A.  Coverage**

> We will pay all sums an "insured" legally must pay as damages because of
> "bodily injury" or "property damage" to which this insurance applies, caused
> by an "accident" and resulting from the ownership, maintenance or use of a
> covered "auto".

Ex. B., p. 18 of 59

41.

The Policy defines "property damage" as "damage to or loss of use of tangible property."

Ex. B., p. 30 of 59.

42.

The Policy defines "accident" as "continued or repeated exposure to the same conditions

resulting in 'bodily injury' or 'property damage.' Ex. B., p. 28 of 59.

43.

The MC Coverage form in the Policy does not provide coverage for recovery, towing, or

storage of vehicles. Ex. B., p. 17–22 (up to Section III on p. 22).

44.

The MC Coverage form in the Policy includes certain "Out-of-state Coverage Extensions,"

which in relevant part provide: "While a covered 'auto' is away from the state where it is licensed,

we will: …(2) Provide the minimum amounts and types of other coverages, such as no-fault,

required of out-of-state vehicles by the jurisdiction where the covered 'auto' is being used." Ex.

B., p. 20 of 59.

**COUNT I – DECLARATORY JUDGMENT**
**UNITED HAS NO DUTY TO DEFEND OR INDEMNIFY UNDER THE POLICY**
**BECAUSE THE POLICY DOES NOT COVER TRANS-TECH'S CLAIMS**

45.

United repeats and realleges each and every one of the foregoing paragraphs as if fully set forth herein.

46.

The insuring agreement of the Policy's MC Coverage Form provides coverage for "damages because of…'property damage' to which this insurance applies" that was "caused by an 'accident'" that resulted from "the ownership…or use" of an insured vehicle, subject to the Policy's terms, conditions, and exclusions. Ex. B., p. 18 of 59.

47.

The MC Coverage Form does not provide coverage for the recovery, towing, and/or storage of an insured vehicle. *See generally* Ex. B.

48.

The claims against BKJ are not covered under the Policy.

49.

The MC Coverage Form is a commercial liability policy for bodily injury and property damage.

50.

Physical Damage coverage insurance typically provides coverage for the recover, towing, and/or storage of a vehicle.

51.

BKJ elected not to purchase Physical Damage coverage under the Policy; and no premiums were ever paid for Physical Damage coverage. See Ex. B., p. 6 of 59 (showing no premium paid

for "Physical Damage Comprehensive Coverage," "Physical Damage Specified Causes of Loss Coverage," "Physical Damage Collision Coverage," or "Physical Damage Towing and Labor.").

52.

The Policy, therefore, does not provide Physical Damage coverage.

53.

Because the claims asserted in the Underlying Action do not trigger coverage under the Policy, United requests a declaration that it has no duty to defend BKJ in the Underlying Action, and that in the absence of a duty to defend under the Policy, United also has no duty to indemnify BKJ under the Policy for the Underlying Action or the claims asserted therein.

54.

Because the claims asserted in the Underlying Action do not trigger coverage under the Policy, United requests a declaration that it has no duty to Trans-Tech under the Policy for the Underlying Action or the claims asserted therein.

**COUNT II – DECLARATORY JUDGMENT**
**UNITED HAS NO DUTY TO DEFEND OR INDEMNIFY UNDER THE POLICY**
**BECAUSE THE ADMINISTRATIVE LETTER FROM THE VIRGINIA DEPARTMENT**
**OF INSURANCE DOES NOT APPLY TO UNITED AND THEREFORE DOES NOT**
**CREATE AN OUT-OF-STATE EXTENSION OF COVERAGE UNDER THE POLICY**

55.

United repeats and realleges each and every one of the foregoing paragraphs as if fully set forth herein.

56.

The Policy provides for certain "Out-of-state Coverage Extensions" for "covered 'auto[s]'" traveling outside of its state of license, where such "minimum amounts and types of other coverages…are required" by the relevant jurisdiction.

12

57.

The Administrative Letter from the Virginia Department of Insurance requires coverage only for "vehicles principally garaged or used" in the state of Virginia, or for policies "issued or delivered" in Virginia.

58.

The BKJ tractor trailer involved in the accident was not "a vehicle principally garaged or used" in the state of Virginia.

59.

Rather, the BKJ tractor trailer was principally garaged or used in the state of Georgia.

60.

The Policy was not issued or delivered in the state of Virginia.

61.

The Policy was delivered in the state of Georgia.

62.

The Administrative Letter does not apply to the vehicle or the Policy at issue. Thus, the Administrative Letter does not impose any obligations or duties on United and, therefore, does not create an Out-of-state Extension of Coverage under the Policy, or otherwise require United to reimburse Trans-Tech for the fees it seeks in towing and storage. As such, United requests a declaration that it has no duty to defend BKJ under the Policy in the Underlying Action and that in the absence of a duty to defend under the Policy, United also has no duty to indemnify BKJ under the Policy for the Underlying Action or the claims asserted therein.

63.

Because the Administrative Letter from the Virginia Department of Insurance does not apply to the vehicle or the Policy at issue, it does not impose any obligations or duties on United, thereby also failing to create any coverage extensions under the Policy, United requests a declaration that it has no duty to Trans-Tech under the Policy, or any statute, regulation, or other applicable law or authority, for the Underlying Action or the claims asserted therein.

**PRAYER FOR RELIEF**

WHEREFORE, United prays for:

1.      The Court to declare that no coverage exists under the Policy for the Underlying Action and the claims asserted therein and that judgment be entered in favor of United and against BKJ that United owes no duty to defend BKJ in the Underlying Action or against any claims or suits that may have been or may be brought arising out of the facts and claims alleged therein;

2.      The Court to declare that no coverage exists under the Policy or any statute, regulation, or other applicable law or authority, for any claims asserted by Trans-Tech against United, in any form, directly or otherwise, arising from or related to the Underlying Action or the facts and circumstances giving rise to same and that United owes no duty to Trans-Tech;

3.      The Court to award United its costs of suit; and

4.      Such other relief as the Court deems just and proper.

This 20th day of April, 2021.

                                      **FIELDS HOWELL LLP**

                                      /s/ Tyler Brant Walker
                                      Tyler Bryant Walker

1180 W. Peachtree Street            Georgia Bar No.: 250477
Suite 1600                         Zachary J. Ferreria
Atlanta, Georgia 30309          Georgia Bar No.: 464123
Telephone:  404.214.1250
Facsimile:  404.214.1251

14

Jennifer W. Wolak (*pro hac vice and SDGA admissions pending*)
Georgia Bar No.: 758575
Caitlin D. Mattler (*pro hac vice and SDGA admissions pending*)
Georgia Bar No.: 888463

*Counsel for Plaintiff*